[Cite as *Kanet v. Jones*, 2012-Ohio-3848.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI  COUNTY**

DAVID E. KANET                           :
                                         :         Appellate Case No. 2012-CA-03
      Plaintiff-Appellee            :
                                         :         Trial Court Case No. 10-DR-11
v.                                       :
                                         :
KRISTINA M. JONES                        :         (Civil Appeal from Common Pleas
                                         :          Court, Domestic Relations)
      Defendant-Appellant           :
                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . . . . .

JAY LOPEZ, Atty. Reg. #0080819, Lopez, Severt & Pratt Co., L.P.A., 18 East Water Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

DAVID M. McNAMEE, Atty. Reg. #0068582, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Kristina Jones appeals from an order of the Miami County Common Pleas Court terminating shared parenting and designating her ex-husband, plaintiff-appellee David Kanet, as the residential parent and custodian.  Jones contends that

the trial court abused its discretion by failing to designate her to be the residential parent and custodian.

{¶ 2}    We conclude that evidence in the record supports the trial court's finding that Jones has demonstrated a pattern of behavior that makes it unlikely that she would honor and facilitate visitation or parenting time with Kanet if she were the residential and custodial parent.   We further conclude that the evidence supports a finding that Jones has attempted to alienate the child from his father.   Therefore, we conclude that the trial court did not abuse its discretion in appointing Kanet as legal custodian and residential parent.   The judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 3}    In January 2010, David Kanet filed a complaint for divorce from his wife, Kristina Jones.   At the uncontested hearing the parties read an agreement into the record to resolve all issues related to the divorce.   Included in the agreement was a shared parenting plan.   Jones stated that she agreed to the recited terms.   The parties were ordered to submit a decree of divorce, a decree of shared parenting along with a shared parenting plan, and a support order.

{¶ 4}    When the parties failed to submit the decree, the trial court set the matter for a review hearing.   Jones obtained new counsel and moved to continue the review hearing date. The review hearing was held in October 2010.   Jones's "counsel informed [the court] that neither he nor his client would sign the documents" that Kanet and his counsel had already signed.   Thereafter, the court determined that the documents were an accurate representation

of the agreement entered into by the parties at the uncontested divorce hearing, and entered an order approving and adopting the documents submitted by Kanet and his counsel.

{¶ 5} In December 2010, Kanet moved for an order holding Jones in contempt for failure to abide by the terms of the shared parenting agreement. The motion also sought a termination of the shared parenting plan and the designation of himself as the residential parent and legal custodian. Jones subsequently also moved for termination of the shared parenting plan and a reallocation of parental rights.

{¶ 6} The matter was tried before a magistrate in November 2011. The magistrate entered a decision terminating the shared parenting agreement and designating Kanet as the residential parent and legal custodian. Jones was awarded parenting time in accordance with the Miami County Standard Order of Parenting Time.

{¶ 7} Jones filed objections to the magistrate's decision, which the trial court overruled. The trial court adopted the decision of the magistrate as the order of the court. Jones appeals.

## II. Based Upon the Evidence in the Record, the Trial Court Did Not Abuse its Discretion When it Designated Kanet as the Residential Parent and Custodian

{¶ 8} Jones's sole assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED APPELLEE BE NAMED THE MINOR CHILD'S LEGAL CUSTODIAN AND RESIDENTIAL PARENT AND THAT APPELLANT EXERCISE PARENTING TIME PURSUANT TO THE COURT'S

STANDARD ORDER OF PARENTING TIME.

**{¶ 9}** Both parties requested a termination of the shared parenting arrangement. Therefore, the trial court did not err by terminating shared parenting, as Jones suggests at one point in her brief. Jones contends that the trial court should have designated her to be the residential parent and custodian.

**{¶ 10}** The standard of review applicable to a trial court's decision concerning child custody is abuse of discretion. The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶ 11}** Pursuant to R.C. 3109.04(E)(2)(c), a court may terminate an order of shared parenting upon the request of the parents when "it determines that shared parenting is not in the best interest of the children." R.C. 3109.04(F), which sets forth the factors for analyzing a question of the best interests of a child, provides in relevant part as follows:

(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the

wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

* * *

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

* * *

(2) ln determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:

(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;

(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;

* * *

(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

{¶ 12} The Guardian Ad Litem ("GAL") filed a 27-page report agreeing that the shared parenting plan should be terminated. The GAL further recommended that Kanet be designated the custodial parent. The GAL noted that "barely a month" after the shared parenting plan was approved by the trial court, Jones refused to sign the necessary documents to permit Kanet to enroll the child at Troy Christian Daycare, despite having agreed in open court that the child should attend that facility. The report noted that personnel at Troy Christian informed the GAL that Kanet took the necessary steps to enroll the child, but that Jones missed three scheduled appointments regarding enrollment of the child and that the Troy Christian authorities found Jones to be "uncooperative and not particularly courteous" when they did have contact with her. The GAL further noted that Jones refused to inform Kanet where she had placed the child for daycare. The GAL also noted that Jones failed to timely notify Kanet that the child needed eye surgery, thereby making it impossible for Kanet to attend the surgery. According to the report, Kanet missed an entire week of parenting time with the child because Jones decided to keep the child for "spring break," despite the fact that the child was not in school and despite her awareness that it was Kanet's regularly scheduled visitation time. The GAL also noted that Kanet had a pattern of interfering with parenting time regarding her other child and that child's father, and that this, combined with

her attempts to interfere with Kanet's rights, led the GAL to believe that Jones will be less likely to facilitate visitation.

{¶ 13}     A psychologist appointed by the court to conduct a custody evaluation found that her session with Jones suggested that Jones has a "parenting problem."   The psychologist stated that she had "a guarded prognosis that shared parenting will work with these parents and there will be further litigation for sole custody [sic]."   The psychologist recommended that the parties "make a final attempt at shared parenting [but should they fail] and/or the mother continues or reverts to her history of non-cooperation * * * then the father is recommended for sole custody and the mother for standard visitation [as the] father is clearly the more stable and cooperative parent."

{¶ 14}   The magistrate found that there was evidence that Jones attempts to interfere with Kanet's parenting time by setting up events for the child, along with her other child, during Kanet's scheduled parenting time.   The magistrate also noted that Jones did not notify Kanet of any of the appointments with the eye surgeon, or the appointment to obtain a second opinion, leading up to the child's eye surgery and did not consult with Kanet concerning the necessity of the surgery.   She also failed to inform Kanet of the date of the surgery until less then forty-eight hours in advance of the surgery.   Indeed, that was Kanet's first notice that surgery might be needed.   The magistrate found that it was in the child's best interest to designate Kanet as the custodial and residential parent.

{¶ 15}   From our review of the record, it is evident that the child loves both of his parents and is bonded to them and to his half-siblings on both sides of the family.   Both parents wish to be appointed custodial and residential parent.   The child was too young to

express his wishes, but the GAL appointed to represent him expressed the view that Kanet should have legal and residential custody. The psychological evidence indicates that Jones is distraught over the divorce and is undergoing counseling in order to learn coping mechanisms. It further indicates that there is no issue with Kanet's parenting style, but that Jones does not exhibit proper parenting and the child shows aggression when with Jones.

{¶ 16} Of particular significance, there is evidence in the record that Jones has demonstrated a pattern of interfering with Kanet's parenting time and that she has attempted to alienate the child from Kanet. We agree with the magistrate's assessment that her behavior "raises significant concern that she will not honor or facilitate [Kanet's] parenting time or court ordered visitation and companionship time if she is the custodial parent."

{¶ 17} Based upon the evidence in the record, we conclude that the trial court did not abuse its discretion by designating Kanet as the residential parent and legal custodian of the child.

{¶ 18} Jones's sole assignment of error is overruled.

### III. Conclusion

{¶ 19} Jones's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and FRENCH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Jay M. Lopez
David M. McNamee
Hon. Christopher Gee